IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| WILLIAM DAVIS and W.M.D. CONSULTING, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>CASCADE TANKS LLC, an Oregon limited liability company; CASCADE COMPANIES LLC, an Oregon limited liability company, BALUSA HOLDINGS, INC.; a Nevada corporation; MACGRECOV INVESTMENTS LIMITED, a Cyprus limited liability company; TRITORIA INVESTMENTS LIMITED, a Cyprus limited liability company; PIETER VAN DER STAAL, an individual, DWYANE DUECK, an individual; PER GUNNAR RYMER, an individual; JOHN DOE Nos. 1 through 5, and JOHN DOE COMPANY Nos. 1 through 5.<br><br>Defendants. | No. 1303-03092<br><br>**COMPLAINT**<br><br>1. Breach of Fiduciary Duty<br>2. Oppression<br>3. Intentional Interference with Economic Relations<br>4. Accounting<br><br>(Not Subject to Mandatory Arbitration – Prayer of $17,500,000<br><br>(Jury Trial Requested) |

Plaintiffs allege and complain as follows:

**THE PARTIES**

1.

Plaintiff William Davis ("Davis") is a former employee of defendant Cascade Tanks LLC and, through plaintiff W.M.D. Consulting, LLC ("WMD"), a minority shareholder in defendant Macgrecov Investments Limited.

2.

Plaintiff WMD is a Nevada limited liability company. Davis is the sole member of WMD. WMD is a minority shareholder in defendant Macgrecov Investments Limited.

Page 1 - COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

3.

Defendant Cascade Tanks LLC ("Cascade Tanks" or "the Company") was, at all relevant times, an Oregon limited liability company.

4.

Defendant Cascade Companies LLC ("Cascade Companies") was, at all relevant times, an Oregon limited liability company. At relevant times herein, Cascade Companies was the manager of Cascade Tanks and, upon information and belief, exercised complete dominance and control over Cascade Tanks.

5.

Defendant Balusa Holdings, Inc. ("Balusa Holdings") is a Nevada corporation with its principal place of business in Las Vegas, Nevada. At relevant times herein, Balusa Holdings was the manager of Cascade Tanks and, upon information and belief, exercised complete dominance and control over Cascade Tanks.

6.

Defendant Macgrecov Investments Limited ("Macgrecov") is a Cyprus limited liability company which, upon information and belief, exercised complete dominance and control over Cascade Tanks and Balusa Holdings.

7.

Defendant Tritoria Investments Limited ("Tritoria") is a Cyprus limited liability company. Upon information and belief, Tritoria is the majority shareholder of Macgrecov and, upon further information and belief, exercised complete dominance and control over Cascade Tanks, Balusa Holdings, and Macgrecov as the majority shareholder of Macgrecov.

8.

Defendant Pieter van der Staal is an individual residing in Denver, Colorado. At relevant times herein, van der Staal, through Cascade Companies, acted as the manager of Cascade Tanks. van der Staal is the President and Treasurer of Balusa Holdings. Upon

Page   2 -   COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

EXHIBIT A
Page 2 of 20

information and belief, van der Staal is a Director of Trio Group Investments, Limited ("Trio"), a minority shareholder in Macgrecov.

9.

Defendant Dwyane Dueck is an individual residing in Vancouver, B.C. At relevant times herein, Dueck, through Balusa Holdings, acted as the manager of Cascade Tanks. Dueck is Chairman of the Balusa Board of Directors. Dueck is also Vice President and Secretary of Balusa. Upon information and belief, Dueck has an ownership interest in Macgrecov.

10.

Defendant Per Gunnar Rymer is an individual residing in Oslo, Norway. Rymer is a Director on the Balusa Board of Directors.

11.

The true identifies of Defendants John Doe Nos. 1 through 5 and John Doe Company Nos. 1 through 5 (collectively the "Doe Defendants") are currently unknown, and therefore are named in accordance with ORCP 20 H and designated as the Doe Defendants. Plaintiffs will amend the allegations of this Complaint to show the true identity of these defendants when discovered in accordance with ORCP 20 H. Upon information and belief, the Doe Defendants are each responsible in some manner for the occurrences, acts, and omissions alleged in this Complaint, and all or part of plaintiffs' damages were caused in fact by their conduct.

12.

Venue lies in Multnomah County pursuant to ORS 14.080(1).

///
///
///
///

Page  3 -  COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

## FACTUAL ALLEGATIONS

13.

Cascade Tanks services oil and gas fields. The Company generates revenue by providing fluid handling services (water hauling and frac tank rentals), oilfield transportation, commodity sales and distribution, and equipment rental to the oil and gas industry.

14.

Davis has over 20 years of experience in the oilfield service business.

15.

On May 29, 2007, Cascade Tanks filed Articles of Organization as an Oregon Limited Liability Company with the Oregon Secretary of State.

16.

In or about July 2007, Davis and Cascade Tanks, through its manager Cliff Beckmann, entered into an agreement ("the 2007 Agreement") whereby Davis agreed to work for Cascade Tanks as the General Manager for a five year term and Cascade Tanks agreed, among other things, to grant Davis a 20% minority ownership interest in the Company and to pay Davis a net bonus of $460,000 no later than July 2008.

17.

Despite the parties' agreement, Cascade Tanks did not pay Davis a bonus by July 2008.

18.

Upon information and belief, in or about October 2010, defendant Cascade Companies purchased Beckmann's majority ownership interests in Cascade Tanks. Upon further information and belief, defendant Pieter van der Staal, through Cascade Companies, became the manager of Cascade Tanks.

///

///

Page   4 -   **COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

19.

Upon information and belief, van der Staal knew that Cascade Tanks had agreed to give Davis a 20% minority ownership in the Company. Upon further information and belief, van der Staal knew that although Cascade Tanks had agreed to pay off Davis a bonus, the Company had not followed through on that obligation. van der Staal promised Davis that the Company would fulfill its obligations under the 2007 Agreement if Davis would stay at Cascade Tanks and continue to run the company. van der Staal asked Davis for "a little time" for Cascade Tanks to pay the amounts it owed to Davis and to "clean up the books."

20.

In order to induce Davis to stay employed with Cascade Tanks, van der Staal offered Davis an additional 5% ownership interest in the Company, but only if Davis would enter into a new employment agreement.

21.

Upon information and belief, van der Staal and Dueck, among others, formed Balusa Holdings in December 2010 in order to acquire all of the ownership interests in Cascade Tanks.

22.

Davis and Cascade Tanks entered into an Employment Agreement (the "New Employment Agreement") with a five year term commencing on January 1, 2011 and expiring on December 31, 2015.

23.

Instead of granting Davis an additional 5% ownership interest in Cascade Tanks as agreed to with Davis, van der Staal effectuated a corporate change by having defendant Balusa Holdings acquire 100% ownership of Cascade Tanks. Accordingly, Davis did not receive his 25% ownership interest in Cascade Tanks. Rather, van der Staal induced Davis to take a 25% ownership interest in Balusa Holdings.

Page    5 -    COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

EXHIBIT A
Page 5 of 20

24.

Upon information and belief, a year later, in January 2012, van der Staal concocted another corporate change and caused the shares of Balusa Holdings to be held offshore by Macgrecov effective January 2, 2011. With respect to the restructuring, van der Staal told Davis that his 25% ownership interest in Balusa would be better off in Macgrecov because when they all "sold the company" the tax treatment on the proceeds of the sale would be better for all the owners.

25.

Davis, through WMD, entered into a Stock Buy-Sell Agreement dated January 2, 2011 ("the Shareholder Agreement") with Macgrecov and Tritoria.

26.

The Shareholder Agreement recites that Tritoria owns 1,500 shares (75%) and Davis owns 500 shares (25%) of Macgrecov. In turn, Macgrecov owns 100% of all shares issued by Balusa Holdings, and Balusa Holdings has acquired all ownership interests in Cascade Tanks. Additionally, the Shareholder Agreement recites that Davis had entered into the New Employment Agreement with Cascade Tanks.

27.

By a notice purportedly dated January 2, 2011, Tritoria provided notice to Davis that pursuant to Section 2.1 of the Shareholder Agreement, Tritoria proposed to sell shares of Macgrecov to Trio.

28.

Upon information and belief, Tritoria sold shares of Macgrecov to Trio for the sale price per share of $35,000.

29.

The Shareholder Agreement provides that if Cascade Tanks terminated Davis's employment, then an option to purchase Davis's shares would automatically be triggered and

Page   6 -   **COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

EXHIBIT A
Page 6 of 20

1  Davis would only be entitled to receive a certain percentage of the sale price for the shares,
2  as defined in the Shareholder Agreement.
3                      30.
4       Section 5.3 of the Shareholder Agreement defines "Employment Termination for
5  Cause" to include, among other things, "(iii) the Shareholder acts in a grossly negligent,
6  reckless, wanton, or criminal manner that actively, directly, or indirectly affects the
7  reputation of [Macgrecov] or any subsidiary of the [Magrecov] (including [Cascade
8  Tanks])[.]"
9                      31.
10      By letter dated February 15, 2013, Cascade Tanks informed Davis that the Company
11 was terminating his employment for "cause" effective immediately.  The termination letter
12 also purported to notify Davis that the Company was reserving its "right to file criminal
13 charges" against Davis for his investment in a company named Saltwater Disposal.  The
14 termination letter also threatened to enforce certain restrictive covenants against Davis that
15 would purportedly prohibit him from:  competing with Cascade Tanks; soliciting clients,
16 independent contractors or employees of the Company; or use any of the Company's
17 confidential or proprietary information.
18                     32.
19      No cause existed for Cascade Tanks to terminate Davis.  At all relevant times, van der
20 Staal, Dueck, Cascade Companies, and Balusa Holdings knew and approved of Davis's
21 investment in Saltwater Disposal with monies provided to him by Cascade Tanks.
22                     33.
23      Upon information and belief, Balusa Holdings terminated Davis's position as a
24 Director on the Balusa Board of Directors on or about February 20, 2013 without giving any
25 notice to Davis.
26 ///

Page    7 -    **COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

34.

Upon information and belief, Cascade Tank's improper termination of Davis for cause has triggered an option for Davis's shares in Macgrecov to be purchased for a reduced price pursuant to the Shareholder Agreement (based on 70% of the Sale Price as stated in Section 5.3(iii)).

35.

From 2008 to the present, defendants have never paid plaintiffs dividends or other remuneration for their ownership interests in Cascade Tanks, Balusa Holdings and Macgrecov. Upon information and belief, if Davis's shares in Macgrecov are not purchased in the manner described above, then Davis will be forced to hold shares in Macgrecov with: no opportunity for dividends or other compensation; no ability to affect the decision making of the companies, no ability to prevent defendants from continuing to conceal important financial information from him while they engage in further inappropriate and unauthorized transactions; and no ability to prevent the further diminishment of the value of his shares.

## FIRST CLAIM FOR RELIEF

### (Count I - Breach of Fiduciary Duty – Squeeze Out)

### (Against All Defendants)

36.

Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

37.

Pursuant to the relationships and agreements of defendants with plaintiffs, including among other things, the 2007 Agreement, plaintiffs' ownership interests in Balusa Holdings, and the Shareholder Agreement, defendants owed plantiffs duties of good faith and fair dealing, care and loyalty. Defendants breached these duties by orchestrating a plan to diminish the value of ownership interests held by Davis (or WMD) in Cascade Tanks, to divest Davis (or WMD) of any ownership rights related to Cascade Tanks, and to either

Page    8 -    COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

1  divest Davis of the shares held by WMD in Balusa Holdings and Macgrecov or diminish the
2  value of those shares. Upon information and belief, defendants carried out their scheme and
3  plan in at least the following ways:
4      (a)    By inducing Davis to sign the New Employment Agreement which permitted
5  Cascade Tanks to terminate Davis's employment and saddled Davis with restrictive
6  covenants purportedly restricting Davis's right to compete with Cascade Tanks upon
7  termination;
8      (b)    By inducing Davis to forego his 20% ownership interest in Cascade Tanks in
9  exchange for a 25% interest, but then enacting a corporate change and moving Davis's
10  ownerships interests in Cascade Tanks to Balusa Holdings;
11      (c)    By enacting another corporate change and inducing Davis to move his 25%
12  ownership interest from Balusa Holdings to Macgrecov;
13      (d)    By inducing Davis, through WMD, to sign the Shareholder Agreement,
14  causing the value of Davis's ownership interests, through WMD, to immediately diminish
15  due to the vesting schedule set forth in Section 5.3(i)-(v), among other places;
16      (e)    By terminating Davis from Cascade Tanks for purported cause;
17      (f)    By either forcing WMD to sell its shares in Macgrecov due to his termination
18  from Cascade Tanks or forcing WMD to hold its shares with no opportunity for dividends
19  while defendants diminish the value of those shares through unauthorized transactions, self-
20  dealing and waste.
21                                38.
22  Defendants, through their dominance and control of Cascade Tanks, Cascade
23  Companies, Balusa Holdings and Macgrecov, acted to benefit themselves, in a manner
24  adverse to the interests of plaintiff.
25  ///
26  ///

Page    9 -    **COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

39.

As a reasonably foreseeable result of defendants' oppressive conduct alleged above, plaintiffs have sustained damages in an amount to be proven at trial.

**(Count II - Breach of Fiduciary Duty – Waste)**

**(Against All Defendants)**

40.

Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

41.

The above named defendants, through their control as majority shareholders and/or managers of Cascade Tanks, Balusa Holdings, and/or Macgrecov owed fiduciary duties of loyalty, care, good faith, fair dealing and full disclosure to plaintiffs.

42.

Upon information and belief, defendants abused their control of Cascade Tanks, Balusa Holdings, and Macgrecov, and breached their duties to plaintiffs in at least the following ways:

(a) By making loans or other transactions between Cascade Tanks, Balusa Holdings, and Macgrecov and other entities without appropriate corporate authority and without creating appropriate accounting records of such transactions;

(b) By failing to keep and maintain appropriate accounting records for Cascade Tanks, Balusa Holdings, and/or Macgrecov;

(c) By failing to produce to plaintiffs corporate records and accounting records as required by law;

(d) By commingling funds belonging to Cascade Tanks, Balusa Holdings, and/or Macgrecov with funds belonging to other entities;

(e) By wasting, depleting, misapplying or misappropriating the assets of Cascade Tanks, Balusa Holdings, and/or Macgrecov; and

Page 10 - COMPLAINT

MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

(f) By misusing company assets and appropriating corporate opportunities for the benefit of defendants and to the detriment of plaintiffs.

43.

Defendants, through their dominance and control of Cascade Tanks, Cascade Companies, Balusa Holdings and/or Macgrecov, acted to benefit themselves, in a manner that was adverse to the interests of plaintiffs.

44.

Defendants should be required to account to plaintiffs for all moneys and benefits provided to defendants and other related entities, directly and indirectly, from Cascade Tanks, Balusa Holdings, and/or Macgrecov or from the assets of Cascade Tanks, Balusa Holdings, and/or MacGrecov and with respect to each allegation of plaintiffs.

45.

As a reasonably foreseeable result of the breaches of fiduciary duty alleged above, plaintiffs have sustained damages in an amount to be proven at trial.

**(Count III - Aiding and Abetting Breach of Fiduciary Duty)**

**(Against All Defendants)**

46.

Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

47.

Since 2010, the above named defendants were aware of, participated in, and/or directed breaches of fiduciary duty by Cascade Tanks, Cascade Companies, Balusa Holdings, Tritoria, Macgrecov and the Doe Defendants.

48.

Defendants aided and abetted Cascade Tanks, Cascade Companies, Balusa Holdings, Tritoria, Macgrecov and the Doe Defendants in their breaches of fiduciary duty by at least the following:

Page    11 -   **COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

EXHIBIT A
Page 11 of 20

1  (a) Engaging in a common design with Cascade Tanks, Cascade Companies, Balusa Holdings, Tritoria, Macgrecov and the Doe Defendants to carry out the breaches of fiduciary duty;

(b) Knowing that the conduct of Cascade Tanks, Cascade Companies, Balusa Holdings, Tritoria, Macgrecov and the Doe Defendants constituted a breach of fiduciary duty and providing substantial assistance or encouragement to the wrongful conduct of Cascade Tanks, Cascade Companies, Balusa Holdings, Tritoria, Macgrecov and the Doe Defendants; and/or

(c) Giving substantial assistance to Cascade Tanks, Cascade Companies, Balusa Holdings, Tritoria, Macgrecov and the Doe Defendants in accomplishing a tortious result, and the defendants' conduct, separately considered, constituted a breach of duty to the plaintiffs.

49.

As a reasonably foreseeable result of the breaches of fiduciary duty alleged above, plaintiffs have sustained damages in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**

**(Count I – Oppression)**

**(Against All Defendants)**

50.

Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

51.

At all relevant times, the above named defendants acted as managing members of Cascade Tanks (in which plaintiffs had an ownership interest) or were companies in which plaintiffs had an ownership interest.

///

///

Page   12 -   COMPLAINT

MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

EXHIBIT A
Page 12 of 20

52.

Upon information and belief, defendants abused their control of Cascade Tanks and breached their duties to plaintiffs in at least the following ways:

(a) By making loans or other transactions between Cascade Tanks and other related entities without appropriate corporate authority and without creating appropriate accounting records of such transactions;

(b) By failing to keep and maintain appropriate accounting records for Cascade Tanks;

(c) By failing to produce to plaintiffs corporate records and accounting records as required by law;

(d) By commingling funds belonging to Cascade Tanks with funds belonging to other entities;

(e) By wasting, depleting, misapplying or misappropriating the assets of Cascade Tanks;

(f) By abusing their control of Cascade Tanks to avoid and prevent any meaningful and informed review of their conduct by the members;

(g) By singling out plaintiffs for exclusion from participation in the affairs of Cascade Tanks in order to appropriate the assets of the Company.

(h) By orchestrating a scheme to diminish the value of plaintiffs' ownership in Cascade Tanks, and ultimately divest plaintiffs of any ownership rights related to Cascade Tanks, including but not limited to the conduct alleged in paragraph 36, above,

53.

By abusing their control of Cascade Tanks defendants acted in a manner that is oppressive.

///

///

Page 13 - COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

54.

As a result of defendants' oppressive conduct, defendants should be required to account to plaintiffs for all moneys and benefits provided to defendants and related entities, directly and indirectly, from Cascade Tanks or from the assets of Cascade Tanks and with respect to each allegation of plaintiffs.

55.

As a result of defendants' oppressive conduct, plaintiffs should be awarded the fair value of plaintiffs' ownership interests in Cascade Tanks.

56.

As a reasonably foreseeable result of defendants' oppressive conduct alleged above, plaintiffs have sustained damages in an amount to be proven at trial.

**(Count II - Minority Shareholder Oppression and Violation of ORS 60.952)**

**(Against All Defendants)**

57.

Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

58.

Upon information and belief, the above named defendants are majority shareholders of Balusa Holdings and/or Macgrecov, companies in which plaintiffs have been, or currently are, minority shareholders.

59.

Upon information and belief, defendants abused their control of Balusa Holdings and/or Macgrecov, and breached their duties to plaintiffs in at least the following ways:

(a) By making loans or other transactions between Balusa Holdings and/or Macgrecov and other entities without appropriate corporate authority and without creating appropriate accounting records of such transactions;

///

Page  14 -  COMMPLAINT

MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

EXHIBIT A
Page 14 of 20

1  (b)  By failing to keep and maintain appropriate accounting records for Balusa Holdings and/or Macgrecov;

3  (c)  By failing to produce to plaintiffs corporate records and accounting records as required by law;

5  (d)  By commingling funds belonging to Balusa Holdings and/or Macgrecov with funds belonging to other entities;

7  (e)  By wasting, depleting, misapplying or misappropriating the assets of Balusa Holdings and/or Macgrecov;

9  (f).  By abusing their control of Balusa Holdings and/or Macgrecov to avoid and prevent any meaningful and informed review of their conduct by the minority shareholders;

11  (g)  By purporting to conduct the business of Balusa Holdings and/or Macgrecov without appropriate authority of a board of directors duly elected consistent with the corporations' Bylaws;

14  (h)  By singling out plaintiffs for exclusion from participation in the affairs of Balusa Holdings and/or Macgrecov in order to appropriate the assets of Balusa Holdings and/or Macgrecov.

17  (i)  By orchestrating a scheme to diminish the value of plaintiffs' ownership in Balusa Holdings and/or Macgrecov, and ultimately divest plaintiffs of any ownership rights related to Balusa Holdings and/or Macgrecov, including but not limited to the conduct alleged in paragraph 36 above.

60.

Defendants, through their dominance and control of Balusa Holdings and Macgrecov, acted in a manner that is illegal, oppressive or fraudulent under, at least, ORS 60.952.

61.

Defendants should be required to account to plaintiffs for all moneys and benefits provided to defendants and related entities, directly and indirectly, from Balusa Holdings

Page   15 -   COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

EXHIBIT A
Page 15 of 20

1  and/or Macgrecov or from the assets of Balusa Holdings and/or Macgrecov and with respect
2  to each allegation of plaintiffs.

3                                       62.

4  The decisions of the defendants, through their control and dominance of Cascade
5  Tanks, to terminate Davis "for cause" under the New Employment Agreement and to remove
6  him from the board of Balusa Holdings should be set aside, pursuant to ORS 60.952(2)(a)
7  and plaintiffs should be awarded the fair value of their stock in Macgrecov.

8                                       63.

9  As a reasonably foreseeable result of defendants' oppressive conduct alleged above,
10 plaintiffs have sustained damages in an amount to be proven at trial.

11                  **(Count III - Aiding and Abetting Oppression)**
12                              **(Against All Defendants)**

13                                      64.

14 Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

15                                      65.

16 Since 2010, the above named defendants were aware of, participated in, and/or
17 directed breaches of fiduciary duty and other oppressive conduct by Cascade Tanks, Cascade
18 Companies, Balusa Holdings, Tritoria, Macgrecov and/or the Doe Defendants.

19                                      66.

20 Defendants aided and abetted Cascade Tanks, Cascade Companies, Balusa Holdings,
21 Tritoria, Macgrecov and/or the Doe Defendants in their oppressive conduct in at least the
22 following:

23     (a) Engaging in a common design with Cascade Tanks, Cascade Companies, Balusa
24 Holdings, Tritoria, Macgrecov and/or the Doe Defendants to carry out the oppressive
25 conduct;

26 ///

Page   16 -   COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

1    (b) Knowing that the conduct of Cascade Tanks, Cascade Companies, Balusa
2    Holdings, Tritoria, Macgrecov and/or the Doe Defendants constituted oppressive conduct and
3    providing substantial assistance or encouragement to the wrongful conduct of Cascade
4    Tanks, Cascade Companies, Balusa Holdings, Tritoria, Macgrecov and/or the Doe
5    Defendants; and/or
6    (c) Giving substantial assistance to Cascade Tanks, Cascade Companies, Balusa
7    Holdings, Tritoria, Macgrecov and/or the Doe Defendants in accomplishing the oppressive
8    conduct, and the defendants' conduct, separately considered, constituted oppressive conduct
9    and/or a breach of duty to the plaintiffs.
10                           67.
11    As a reasonably foreseeable result of the oppressive conduct alleged above, plaintiffs
12    have sustained damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### (Intentional Interference with Economic Relations)
### (Against All Defendants)

16                           68.
17    Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.
18                           69.
19    An economic relationship exists between plaintiffs and Macgrecov because WMD is
20    a minority shareholder in Macgregov. This relationship is governed, in part, by the
21    Shareholder Agreement between and among Macgrecov, Tritoria and WMD.
22                           70.
23    In the alternative to the allegations contained in paragraphs 6, 7, 38, 43, 60 and 62
24    above, the above named defendants are third parties to the economic relationship between
25    plaintiffs and Macgrecov.
26    ///

Page    17 -    **COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

71.

Defendants have intentionally interfered with the economic relationship between plaintiffs and Macgrecov by terminating Davis from his employment at Cascade Tanks to deprive him of the fair value of his ownership in Macgrecov.

72.

Defendants interfered with plaintiffs' economic relationship with Macgrecov through improper means or for the improper purpose of:

   (a)   Breaching fiduciary duties owed by defendants to plaintiffs;

   (b)   Committing oppressive conduct under common law and ORS 60.952; and

   (c)   Fraudulently inducing Davis to enter into the New Employment Agreement.

73.

As a reasonably foreseeable result of defendants' interference with plaintiffs' economic relationship with Macgrecov, as alleged above, plaintiffs have sustained damages in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**(Accounting)**

**(Against Cascade Tanks, Balusa Holdings & Macgrecov)**

74.

As alleged above in paragraphs 36-67, defendants have oppressed and breached their fiduciary duties to plaintiffs by, among other things, self-dealing, diverting company assets and opportunities in order to benefit defendants and harm plaintiffs.

75.

Defendants' unauthorized conduct has diminished the value of Cascade Tanks, Balusa Holdings and/or Macgrecov, and plaintiffs' ownership interests.

///

///

Page 18 - COMPLAINT

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

76.

Defendants' have concealed financial information necessary for plaintiffs to understand the true nature of defendants' unauthorized transactions, and have not responded Davis's reasonable demands for information concerning defendants' operation of Cascade Tanks, Balusa Holdings and/or Macgrecov.

77.

The Court should order an immediate accounting, and allow plaintiffs immediate inspection of the books of Cascade Tanks, Balusa Holdings and Macgrecov to, among other things, trace and bring back into those defendant companies monies related to defendants' unauthorized or inappropriate transactions.

78.

Plaintiffs reserve the right to file a motion to amend consistent with ORS 37.255.

WHEREFORE, plaintiffs demand a jury trial and request the following relief:

(a) An award of the fair value of plaintiffs' ownership interests in Cascade Tanks, Balusa Holdings and/or Macgrecov;

(b) An accounting;

(c) An order setting aside the improper corporate actions against plaintiffs;

(d) An award of damages not less than $17,500,000 with the exact amount to be proven at trial;

(e) Disgorgement;

(f) An award of reasonable attorney fees, costs, and disbursements incurred herein;

(g) Prejudgment interest; and

///

///

Page 19 - COMPLAINT

MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

1  (h)  Such other and further equitable relief as this Court deems just and proper.

2  DATED this 1st day of March, 2013.

3          MARKOWITZ, HERBOLD, GLADE
        & MEHLHAF, P.C.

By: _____
David B. Markowitz, OSB #742046
DavidMarkowitz@MHGM.com
J. Matthew Donohue, OSB #065742
MattDonohue@MHGM.com
Shannon Riordan Armstrong, OSB #060113
ShannonArmstrong@MHGM.com
Of Attorneys for Plaintiffs

329667

Page  20 -  **COMPLAINT**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

EXHIBIT A
Page 20 of 20